UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ISABEL TCRUZ,

    Defendant.

_____/

Case No. 25-50396
Hon. Denise Page Hood

**ORDER DENYING DEFENDANT ISABEL TCRUZ'S
REQUEST FOR HEARING [ECF NO. 5],
OVERRULING OBJECTION TO THE WRIT OF GARNISHMENT
AND CLOSING MISCELLANEOUS CASE**

## I.    INTRODUCTION

On August 1, 2025, Defendant Isabel Tcruz filed a Request for Hearing [ECF No. 5] regarding the United States' Request for issuance of continuing writ of garnishment [ECF No. 1] even though Tcruz waives any appearance for a hearing. The United States filed a Response objecting to Tcruz's request. [ECF No. 5]. For the reasons set forth below, Tcruz's request for a hearing is moot, and any objection to the writ of garnishment by Tcruz is overruled.

## II.    BACKGROUND

On March 5, 2025, Tcruz pled guilty to Counts 1 (Conspiracy to Defraud and Pay and Receive Health Care Kickbacks, 18 U.S.C. § 371) and 15 (Attempt to Evade or Defeat the Payment of Tax, 26 U.S.C. § 7201) of the Second Superseding

Indictment. *See, United States v. Isabel Tcruz, et. al.*, Case No. 19-20453, ECF No. 159. Tcruz was sentenced to 38 months of imprisonment as to both counts to be served concurrently, followed by three years of supervised release on both counts to be served concurrently. *Id*., ECF No. 195 at PageID.1334-1335. Tcruz was ordered to pay criminal restitution of $5,632,344.69 and a special assessment of $200.00. *Id*. at PageID.1338.

On April 10, 2025, the Government requested issuance of continuing writ of garnishment as to Tcruz to the State of Michigan Department of Treasury. [ECF No. 1]. On April 11, 2025, this Court issued a writ of continuing garnishment to the Michigan Department of Treasury. [ECF No. 3]. On August 1 and 5, 2025, Tcruz filed a response objecting to the Government's continuing writ of garnishment against him and claiming exemptions on wearing apparel and schoolbooks, fuel, provisions, furniture and personal effects, and wages, salary and other income. [ECF Nos. 5 and 6]. Tcruz submitted a copy of an Individualized Needs Plan which shows a payment of $25.00 per month towards the restitution. [ECF No. 6]

### III. STANDARD

The Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663(a)(1) gives the district court the authority to order restitution on behalf of a victim. The VWPA does not necessarily authorize the district court to order that the restitution be paid from a particular fund or asset owned by the criminal defendant. *United*

*States v. Comer*, 93 F.3d 1271, 1281 (6th Cir. 1996). 28 U.S.C. § 3205(a) provides the United States with authority to enforce restitution orders through garnishments. The United States may garnish all property except that which is specifically exempt from a levy. *See* 18 U.S.C. § 3613; 26 U.S.C. § 6334; *United States v. Nash*, 175 F.3d 440, 443 (6th Cir. 1999) ("The provisions of 18 U.S.C. § 3613(a) state that the United States may enforce a judgment imposing a fine, restitution, or assessment against the property of the person fined, with the exception of those exemptions found in 26 U.S.C. § 6334."). The provisions under 18 U.S.C. § 3613 gives the Government the authority to enforce a criminal judgment which orders a fine and/or restitution. *Id*. 18 U.S.C. § 3612 delegates the responsibility to collect unpaid fines to the Attorney General. *Id*. 18 U.S.C. § 3613(a) in pertinent part states:

> (a) **Enforcement.**—The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that—
>
>> (1) Property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
>>
>> (2) Section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>>
>> (3) The provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

> \*\*\*
> **(f) Applicability to order of restitution.**—In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution.

18 U.S.C. § 3613(a) and (f). The liability to pay a fine shall terminate 20 years from the entry of judgment or 20 years after the release from imprisonment or upon the death of the individual fined. 18 U.S.C. § 3613(b). Interest and fines for delinquency are governed by 18 U.S.C. § 3612(f). Fines and restitution are not dischargeable in bankruptcy. 18 U.S.C. § 3613(e).

## IV.   ANALYSIS

Tcruz does not expressly argue why the writ of garnishment issued to the Michigan Department of Treasury should not continue, other than noting certain exemptions. If Tcruz is arguing financial hardship, this does not create a valid basis to sustain an objection to the writ under 18 U.S.C. § 3613. Financial hardship is not a permissible defense under 28 U.S.C. § 3202(d). *United States v. Mahar*, 42 F.3d 1389 (6th Cir. 1994). While the statutory language requires the court to "hold a hearing ... as soon as practicable," courts have denied requests for hearings "where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *United States v. Miller*, 588 F. Supp. 2d 789, 797

(W.D. Mich. 2008) (collecting cases and denying a hearing where the defendant failed to identify any valid objections to the writ of garnishment).

As noted above, 18 U.S.C. § 3613(a)(1) exempts various classes of assets from garnishment, incorporating some, but not all, exemptions identified under 26 U.S.C. § 6334(a). Tcruz claims an exemption for "wearing apparel and schoolbooks" (26 U.S.C. § 6334(a)(1)), but Tcruz has not shown that the Michigan Department of Treasury holds any such materials which could be exempted from garnishment. The same is true as to Tcruz's claim of exemption for "fuel, provisions, furniture, and personal effects" (26 U.S.C. § 6334(a)(2))–Tcruz has not shown that the Michigan Department of Treasury possesses any of these items. Regarding Tcruz's listed exemption for "minimum wages, salary, and other income" (26 U.S.C. § 6334(a)(9)), this exemption does not appear on the list in § 3613(a)(1). *See* 18 U.S.C. § 3613(a)(1) (exempting certain categories of property which are exempt under 26 U.S.C. § 6334(a) but not including subsection 9); *United States v. Abellana*, No. 25-MC-50217, 2025 WL 1113137, at *2 (E.D. Mich. Apr. 15, 2025). Tcruz has not satisfied the burden of showing that there is an adequate basis for sustaining an objection from garnishment and such is overruled.

V.   ORDER

For the reasons stated herein,

5

IT IS SO ORDERED that the Request for Hearing filed by Defendant Isabel Tcruz [ECF No. 5] is MOOT, Tcruz having waived appearance at any hearing.

IT IS FURTHER ORDERED that Tcruz's Objection to the Writ of Garnishment is OVERRULED.

IT IS FURTHER ORDERED that the Writ of Garnishment as to Defendant Isabel Tcruz issued to the State of Michigan Department of Treasury [ECF No. 3] is continued.  This miscellaneous case number is CLOSED.

s/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated:  August 15, 2025